**THE KELLY FIRM, P.C.**
Bunce D. Atkinson, Esq.
Travis R. Graga, Esq.
Coast Capital Building
1011 Highway 71, Suite 200
Spring Lake, New Jersey 07762
(732) 449-0525
bunceatkinson@aol.com
tgraga@kbtlaw.com
*Attorneys for Chapter 7 Trustee, Bunce D. Atkinson*

| In re:<br><br>PAULA HEYMAN,<br><br>Debtor. | **UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY**<br><br>Case No.: 20-10153 (KCF)<br><br>Hon. Kathryn C. Ferguson<br><br>Chapter 7<br><br>Hearing Date: February 22, 2022 at 10:00 a.m. |
|---|---|

**BRIEF IN OPPOSITION TO DEBTOR'S MOTION TO CONVERT TO CHAPTER 13**

Please accept the following brief on behalf of Bunce D. Atkinson, the Chapter 7 Trustee (the "Trustee") for the debtor estate of Paula Heyman (the "Debtor"), in opposition to the Debtor's motion for entry of an order converting the Chapter 7 case to one under Chapter 13 (the "Motion").

**PRELIMINARY STATEMENT**

The Motion is a blatant attempt to delay the sale of the Debtor's residence and the administration of the Estate. The Motion comes as a response to the Trustee's attempt to sell the only asset of the Estate for the benefit of creditors. The Debtor has not produced any evidence

regarding her eligibility for Chapter 13. Based upon her schedules and the equity in the home, she will be unable to fund a feasible plan. The Court should not allow this abuse of the bankruptcy process, and should deny the Motion.

## **BACKGROUND**

1. On January 1, 2020, the Debtor filed a voluntary petition (the "Petition") for relief under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey, Docket No. 20-10153 (KCF).

2. On January 7, 2020, Bunce D. Atkinson was appointed as Chapter 7 Trustee, and he is acting in that capacity.

3. In Schedule A/B of her Petition, the Debtor listed a 100% ownership interest in real property located at 44 Granite Lane, Willingboro, NJ 08046 (the "Property"). In her petition, she valued the property at $170,000. The Debtor did not report any mortgages encumbering the property in Schedule D.

4. Although the Debtor advised the Trustee that there were mortgages encumbering the Property, the Debtor has never amended her Petition to list any mortgages.

5. Based upon information and belief, there are two mortgages encumbering the property. The first mortgage is held by Mr. Cooper, and the second is held by Wells Fargo.

6. On October 21, 2021, Wells Fargo filed a Motion for Relief from Stay to enable it to proceed with a foreclosure of the Property. See ECF No. 25.

7. The certification in support of the Motion lists $64,118.91 as the total amount due to Wells Fargo on account of its second mortgage as of October 12, 2021.

8. In support of its Motion for Relief from Stay, Wells Fargo attached a copy of the appraisal that it obtained. On August 15, 2021, Jeff Smith, the appraiser utilized by Wells Fargo, appraised the Property at $240,000.00. See ECF No. 25.

9. As a result of the Trustee's investigation, he discovered that as of October 28, 2021, the total amount due Mr. Cooper on its first mortgage was $30,205.77. See ECF No. 27.

10. In Schedule C of her Petition, the Debtor has claimed an exemption of $15,000.00 in the Property.

11. Based upon a sale price of the Property for $240,000.00 as valued in the Wells Fargo appraisal, after deducting 10% for costs of sale, payment of $94,324.68 representing the total amount owed for both mortgages, and payment of the Debtor's homestead exemption of $15,000.00, there is approximately $106,675.32 of equity in the Property to pay administration expenses and unsecured creditors in full.

12. The Debtor did not file any opposition to the motion for relief from stay. The only opposition was filed by the Trustee because he believed there was more than $106,000.00 of equity in the Property to pay administrative claims and unsecured creditors in full.

13. Pursuant to 11 U.S.C. § 363(h) of the United States Bankruptcy Code, the Trustee may sell the Estate's interest in the Property.

14. Based upon the amounts due on the two mortgages and the Jeff Smith appraisal, the Trustee contacted a real estate broker Craig Ruyak of Smires & Associates (the "Realtor"), and requested that he advise the Trustee as to the value of the Property. He advised that based upon 10 comparable sales, he would suggest listing the property for sale at $250,000.

15. On November 3, 2021, the Trustee filed an application to employ the Realtor as the real estate broker for the Debtor Estate so that the Property can be sold for the benefit of creditors. See ECF No. 26.

16. The Debtor did not oppose the appointment of a real estate broker to sell the Property for the benefit of the Debtor Estate.

17. On November 12, 2021, the Court entered an order granting the application to employ the Realtor. See ECF No. 29.

18. December 28, 2021, in response to the actions taken by the Trustee in order to sell the Property, the Debtor filed the Motion, seeking to convert the Chapter 7 case to Chapter 13, and prevent the sale of the Property. See ECF No. 32.

19. The Motion fails to put forth a factual basis from which the Court could conclude that the Debtor is eligible to convert to Chapter 13.

20. In Schedule I of the Petition, the Debtor lists combined monthly income in the amount of $2,635.09. However, the Debtor lists a payroll deduction for tax of merely $12.49.

21. In Schedule J of the Petition, the Debtor lists $1,793.00 in monthly expenses. Among these expenses the Debtor lists $795.00 as her monthly rental or home ownership expense. However, it is unclear whether this amount accounts for both mortgages. In addition, the Debtor does not list any amounts for real estate taxes, transportation, medical and dental, entertainment, or car payment expenses.

22. Therefore, there is a material question regarding whether the Debtor can propose a feasible plan.

23. The Motion is a bald attempt to take control of the Estate's only asset, delay the case, and circumvent the Trustee's efforts to administer the Estate.

24. Therefore, the Trustee respectfully requests that the Motion be denied.

25. Alternatively, if the Court is inclined to grant the Motion, the Trustee asks that in the event of an unsuccessful Chapter 13 case, that the case be reconverted to Chapter 7 and that the Debtor be barred from voluntarily dismissing the Chapter 13 case.

## LEGAL ARGUMENT

The Debtor is ineligible for Chapter 13 pursuant to § § 109(e), 706(d), and 1307(c) of the Bankruptcy Code. Section 706(a) of the Bankruptcy Code provides that a "debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title." 11 U.S.C. § 706(a).

At first glance, this section may appear to give a debtor an absolute right to convert his or her Chapter 7 case to one under Chapter 13. However, controlling case law instructs that Section 706(a) cannot be read on its own and must be read in conjunction with Section 706(d). In re Culp, 545 B.R. 827, 838 (D. Del. 2016), aff'd, 681 Fed. Appx. 140 (3d Cir. 2017) (citing Marrama v. Citizens Bank of Mass., 127 S.Ct. 1105, 1110 (2007) (Sections 706(a) and 706(d), read together, operate to condition debtor's right to convert under certain circumstances).

**Section 706(d)**

Section 706(d) of the Bankruptcy Code states: "Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter." 11 U.S.C. § 706(d). Hence, Section 706(d) expressly conditions Appellants' right to convert on their ability to qualify as "a debtor" under Chapter 13. Culp, 545 B.R. at 838; see also Marrama, 127 S.Ct. at 1110.

In order to grant the Motion, the Court would have had to determine that the Court could be a "debtor" under Chapter 13. 11 U.S.C. § 706(d).

**Section 109(e)**

The Debtor is ineligible for Chapter 13 pursuant to 11 U.S.C. § 109(e). Section 109(e) dictates that "only an individual with regular income" may be a Chapter 13 debtor. See 11 U.S.C. § 109(e). Section 101(30) of the Bankruptcy Code defines an "individual with regular income" as an "individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under chapter 13." 11 U.S.C. § 101(30). The burden of establishing the regularity and stability of income is on the debtor. Culp, 545 B.R. at 840 (citing In re Antoine, 208 B.R. 17, 19 (Bankr.E.D.N.Y.1997); In re Sassower, 76 B.R. 957, 960–61 (Bankr.S.D.N.Y.1987)) ("It is incumbent upon a Chapter 13 debtor to sufficiently demonstrate an ability to fund the plan from sources which are stable and regular.") (internal citations/quotation marks omitted). "There must be some factual basis for the court to determine the regularity and stability of the debtor's income." In re Tornheim, 239 B.R. 677, 685 (Bankr.E.D.N.Y.1999) (internal citations/quotation marks omitted). "[W]here a debtor fails to produce evidence of the existence of a regular income, [the debtor] does not qualify for Chapter 13 relief under 11 U.S.C § 109(e)." In re Wilhelm, 6 B.R. 905, 908 (Bankr. E.D.N.Y. 1980).

Here, the Debtor has not established that she has sufficient, regular income with which to fund a plan of reorganization. The Debtor has not attached any proof of income in support of her claim that she receives $2,635.00 a month, nor has the Debtor attached a verification regarding her monthly mortgage payments. In addition, the Debtor's Schedule J leaves out a variety of typical expenses, including real estate taxes, transportation, medical and dental, entertainment, or car payment expenses. As such, there is a material question as to whether the Debtor has the sufficient income necessary to propose a feasible plan, and has failed to meet her burden. Accordingly, the Court should deny the Motion to Convert.

**Section 1307(c)**

The Debtor is ineligible for Chapter 13 pursuant to 11 U.S.C. § 1307(c). "A Debtor may not qualify as a "debtor" under Chapter 13 if, pursuant to section 1307(c) of the Code, sufficient cause exists for a court to convert a debtor's Chapter 13 case to Chapter 7 or dismiss it." In re Murray, 377 B.R. 464, 468 (Bankr. D. Del. 2007). In Marrama, the Supreme Court held that "dismissing or converting a Chapter 13 case for bad faith conduct is implicitly authorized by the words 'for cause' in section 1307(c)." Murray, 377 B.R. at 468 (citing Marrama, 127 S.Ct. at 1111).

In deciding a contested motion to convert under section 706(a), with sections 706(d) and 1307(c) in mind, courts consider the 'totality of the circumstances,' including the following factors:

> (i) whether the debtor is seeking to convert to chapter 13 in good faith . . .; (ii) whether the debtor can propose a confirmable plan; (iii) the impact on the debtor of denying conversion weighed against the prejudice to creditors caused by allowing conversion; (iv) the effect of conversion on the efficient administration of the bankruptcy estate; and (v) whether conversion would further an abuse of the bankruptcy process.

Murray, 377 B.R. at 469 (quoting In re Pakuris, 262 B.R. 330, 335-36 (Bankr. E.D. Pa. 2001). The five factors above are considered as follows: First, "when conducting a good faith analysis involving a motion to convert, a court should consider the totality of the circumstances 'including a review of facts such as (1) the timing of the motion; (2) the debtor's motive in filing the motion; and (3) whether the debtor has been forthcoming with the bankruptcy court and creditors,'" Murray, 377 B.R. at 469 (quoting Pakuris, 262 B.R. at 335-36). Second, the Court must consider the Debtors' "ability to propose a confirmable Chapter 13 plan. 'Conversion should not be permitted when it would serve no point, for example, in matters when the debtor is demonstrably incapable of proposing a feasible plan.'" Murray, 377 B.R. 470 (Bankr. D. Del. 2007) (quoting

7

Pakuris, 262 B.R. at 337). Third, "[t]he Court must also 'weigh the impact to the debtor of denying conversion against the prejudice to creditors of allowing conversion.'" Murray, 377 B.R. at 470 (Bankr. D. Del. 2007) (quoting Pakuris, 262 B.R. at 337). Fourth, "[t]he Court also takes into account 'the effect of conversion of the efficient administration of the bankruptcy estate.'" Murray, 377 B.R. at 471 (quoting Pakuris, 262 B.R. at 338). Fifth, and finally, "'a court may also consider whether the conversion would further an abuse of the bankruptcy process.' 'A motion to convert can be abusive when it is filed to frustrate the bankruptcy process, rather than to implement the Congressional policy of repayment of creditors.'" Murray, 377 B.R. at 471 (quoting Pakuris, 262 B.R. at 338 & citing Marrama, 127 S.Ct. at 1111-12).

Here, the Motion was not filed in good faith, and all five factors weigh in favor of denying the Motion. The Motion was filed over a year after the bankruptcy case was filed and only after and in response to the appointment of the Realtor. The Motion is clearly motivated by a desire to prevent the Trustee from selling the Property based on the express language of the Debtor's Certification in Support of the Motion. In addition, the Debtor has not been entirely forthcoming in that she has failed to list either mortgage in her the Petition, or amend the Petition to reflect the existence of the mortgages. Furthermore, the Debtor has failed to produce any proof of income or verification regarding her monthly expenses in support of the Motion. Additionally, the Debtor obfuscated the true value of the Property by significantly undervaluing it in her petition by roughly 50%. Therefore, factor one weighs in favor of denying the Motion. Factor two also weighs in favor of denying the Motion, as the Debtor has not proposed, and has not met her burden of demonstrating an ability to propose a confirmable plan. Furthermore, the Debtor has not submitted any tax returns, pay stubs, a certification, or any other evidence to suggest she has the financial ability to fund a plan. With regard to the third factor, conversion will substantially prejudice Estate

creditors by further delaying any distribution they would receive from the proceeds of a sale, and because creditors stand to gain nothing in a Chapter 13, as the Debtor has not established sufficient income with which to fund a plan. For all the reasons stated above, including the fact that this Motion is a clear attempt to prevent the Trustee from administering the assets of the Estate, the remaining factor regarding the efficient administration of the Estate and whether conversion would be an abuse of the bankruptcy process weighs in favor of denying the Motion.

## Conclusion

In light of the foregoing, the Trustee respectfully requests that the Court deny the Debtor's motion for entry of an order converting the case from one under Chapter 7 to one under Chapter 13, and grant such other and further relief as the Court deems appropriate.

**THE KELLY FIRM, P.C.**
Attorneys for the Chapter 7 Trustee,
Bunce D. Atkinson

**By** */s/ Travis R. Graga*
**TRAVIS R. GRAGA**

Dated: February 11, 2022